ALVAREZ, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from Decisions of the Registrar of Property Refusing to Record Dissolution of Partnership and Forced Sale.

No. 577.—Decided March 3, 1924.

RECORD OF TITLE—PUBLIC DEED—CAPACITY OF PARTIES—DEFECTS.—The capacity of the contracting parties should appear from the deed sought to be recorded or from the documents exhibited therewith. When it does not the registrar should so state, classifying the defect as curable or incurable according to the facts of each particular case.

ID.—SUCCESSION—CONVEYANCE—HEIRS.—Under our laws a succession is not a juridical person. It is not a legal entity separate from the heirs. This being so, property can not be conveyed to a succession without specifying the names of the heirs of whom it is composed.

The facts are stated in the opinion.

Mr. F. Socorro for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from two decisions of the Registrar of Property of Caguas, one refusing to record deed No. 46 for the dissolution of a mercantile partnership and for other purposes executed before notary Cruzado Silva on July 12, 1922, with reference to two houses in Caguas allotted to the heirs of one of the partners of the dissolved firm, and the other refusing to record the sale of the said two houses witnessed by deed No. 26 executed on July 19, 1923, before notary Tous Soto. The latter decision depends entirely upon the former.

The grounds of the refusal to record the deed of July 12, 1922, are (1st) that it did not show the capacity in which Florentino Miranda and Herminio Madera appeared therein, and (2nd) that no will or declaration of heirship of the deceased partner, Manuel Alvarez, was exhibited, these being the "only documents sufficient to show that Olive Fischer, Olive Francesca and Olga Alvarez are the only heirs of Manuel Alvarez Rivera, the first as his wife and the others as his daughters."

In arguing the first ground the registrar says that from the text of the deed it can not be known "whether Florentino Miranda is the testamentary executor of the deceased Manuel Alvarez Rivera or  *  *  *  whether Herminio Miranda  *  *  *  is a member of the firm of Alonso Riera & Company."

It is true that the deed as a whole indicates that Madera was the partner of Alvarez and that Miranda is his executor, but the documents or the pertinent parts thereof showing originally their capacities are not copied into any part of it.

Let us consider the second ground of the decision. The two houses at Caguas to which reference is made appear recorded in the registry of property in the name of the firm of Alonso Riera & Company and by the deed they are allotted to "the heirs of Manuel Alvarez, members of the firm." The appellant claims that the judgment of the

district court, which is inserted in the deed, is sufficient to show that the heirs of Manuel Alvarez are his widow, Olive Fischer, and his daughters, Olive Francesca and Olga Alvarez. The said judgment reads in part as follows:

"IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT OF SAN JUAN, P. R.—Henry C. Fischer, Florentino Miranda, as testamentary executors of the deceased Manual Alvarez Rivera, Olive Fischer, individually and as mother with *patria potestas* over her daughters Olive Francesca and Olga Alvarez, Plaintiffs, vs. Herminio Madera Rivera, Defendant.—No. 180.—Dissolution of partnership, etc.—JUDGMENT.—Considering the stipulation of the parties in the above-entitled case, by which they state that they have come to an agreement concerning the differences that gave rise to the present action, the court renders judgment by virtue of the said stipulation as follows:—(1) The private contract of June 8, 1921, entered into between Manuel Alvarez and Herminio Madera and copied into the complaint, is hereby annulled.—(2) The public deed executed on June 16, 1921, before notary Miguel García González of San Juan, whereby Manuel Alvarez sold to Alonso Riera & Co. his shares, interests and rights in the said firm for the sum of $125,000 is also annulled.—(3) Alonso Riera & Co. will sell all of their assests and liabilities to Alonso Riera & Co., Inc. * * *. (4) Simultaneously with this deed of sale the firm of Alonso Riera & Co. will be dissolved and Herminio Madera will receive in payment of his interest in the firm the shares of the corporation Alonso Riera & Co., Inc., that may have been paid as a part of the purchase price, and the heirs of Manuel Alvarez shall receive, as the interest of Manuel Alvarez, the other partner, the ownership title to the houses in Condado and Caguas, assuming the encumbrances thereon and the mortgage for $65,000 created on the Tobacco Palace, the interest of the said heirs of Alvarez upon the dissolution of Alonso Riera & Co. being, therefore, the said sum of $65,000 secured by the said mortgage and the three houses to which reference has been made."

In the body of the judgment mention is made only of the heirs of Manuel Alvarez. It is the title that may indicate something about the persons who are the said heirs and "Under our law a succession is not a juridical person.

\* \* \* It is not a legal entity distinct from the heirs. The heirs form the succession and they should appear as plaintiffs or defendants.'' *Arvelo* v. *Banco Territorial y Agrícola,* 25 P. R. R. 678.

It does not appear that any evidence was examined. The judgment was rendered on the basis of a stipulation and the judge accepted the agreement arrived at by the parties and gave it his approval.

We have now to consider what effect has the copy of an order of the District Court of San Juan authorizing Florentino Miranda, as testamentary executor, to sell at public auction the said properties belonging to the heirs of the deceased Manuel Alvarez, ''among whom are the two minors Olive Francesca and Olga Alvarez Fischer,'' said copy having been presented also in the registry. That document shows that Florentino Miranda was considered to be the executor of Manuel Alvarez and the minors Alvarez-Fischer to be the owners of the houses in question, but even if they were, we think that the registrar, whose duty is to safeguard the conveyance of real property in this Island, was authorized to require Madera and Miranda to show by the proper documents the capacity in which they appeared in the deed of July 12th and to require the exhibition of the will or the declaration of heirship, or, we may add, a judgment of some court settling the matter. *Soriano et al.* v. *Rexach et al.,* 23 P. R. R. 531.

Now, are the said defects curable or incurable? This is a case in which, as we have said in several instances, the classification of the defect is difficult and either conclusion might be reached. Considering the attending circumstances, we are inclined to hold that the defects should have been classified as curable.

The annotation of the defect would be sufficient notice to future contracting parties and would not interfere with the recording of transactions already consummated in apparent accordance with the law.

As we said at first, the refusal to record the deed of July 19th depended entirely upon the decision with regard to the deed of July 12th. When the latter is recorded the properties will be recorded in the names of the persons who appear as grantors in the deed of July 19th, and, in accordance with law and practice, this deed may be recorded without difficulty.

Both decisions must be reversed and the records made, assigning the defects as curable.

*Reversed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.